ORIGINAL

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
MAY 12 2017
RECEIVED

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
MAY 12 2017
CLERK

In the

**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| FREE PRESS, *et al.*, | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 17-1129 |
| FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, | ) | |
| Respondents. | ) | |

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED MAY 12 2017
CLERK

## PETITION FOR REVIEW

Pursuant to 47 U.S.C. §402(a), 28 U.S.C. §§2342(1) and 2344, and Rule 15(a) of the Federal Rules of Appellate Procedure, Free Press, Office of Communication, Inc. of the United Church of Christ, Prometheus Radio Project, Media Mobilizing Project, Media Alliance, National Hispanic Media Coalition, and Common Cause ("Petitioners") seek review of a final order of the Federal Communications Commission ("Commission"), *Order on Reconsideration, Amendment of Section 73.3555(e) of the Commission's Rules, National Television Ownership Rule*, Docket No. 13-236 (FCC 17-40, released April 21, 2017)("UHF Reconsideration Order"). Notice of the UHF Reconsideration Order was published in the Federal Register on May 5, 2017. 82 FR 21124 (May 5, 2017). A copy of the UHF Reconsideration Order is attached.

Venue in this Court is proper under 28 U.S.C. §2343.

The UHF Reconsideration Order granted a petition for reconsideration and reinstated the so-called UHF Discount. The UHF Discount, which set forth a mechanism used to calculate compliance with the Commission's national television multiple ownership rules, had been repealed in a Commission decision released on September 7, 2016, *Report and Order, Amendment of Section 73.3555(e) of the Commission's Rules, National Television Ownership Rule*, 31 FCCRcd 10213 (2016)("UHF Discount Repeal Order").

## NATURE OF THE PROCEEDINGS AND GROUNDS FOR RELIEF

The Commission's national ownership audience cap limits a broadcast licensee from ownership of TV stations reaching more than a specified proportion of the nation's television homes. In 2004, Congress codified the cap at 39% of the nation's TV homes and insulated it from judicial review.[1] The UHF Discount, which long predates the 2004 statute, does not affect the cap itself, but sets forth how to calculate the viewership of television stations transmitting in the UHF spectrum band for the purpose of assessing compliance with the cap.

The UHF Discount was originally adopted because, as of the time of its adoption in 1985, UHF stations were at a severe disadvantage compared to VHF stations. To reflect the lesser power and influence conferred by ownership of UHF stations, the Commission ruled that such stations would "be attributed with 50 percent of the television households" reached in their market. The Commission

[1] Consolidated Appropriations Act, Pub. L. No. 108-199, §629(1), (3) (2004)("CAA").

determined it was necessary to repeal the UHF Discount because of several technical and policy changes, including the evolution of cable carriage and, especially, the transition from analog to digital television transmission, which no longer left UHF stations at a disadvantage.

In the UHF Reconsideration Order, adopted in a 2-1 vote, the Commission majority did not take issue with, much less reverse, the findings that led to the repeal of the UHF Discount. Rather, the majority stated that the Commission should have considered the UHF Discount in conjunction with a proceeding to evaluate whether the Commission should modify the 39% national ownership cap. The Commission lacks statutory authority to make such a modification; notably, one of the two members voting to restore the UHF Discount has forcefully stated that he believes that the Commission lacks the statutory power to modify the national ownership cap.[2] As such, the decision was an arbitrary and capricious action. Moreover, the action was also arbitrary and capricious because reinstatement of the UHF Discount lacks any legal or policy support and effectively contravenes the statutory limit on national television ownership.

Even if the Commission did have statutory authority to modify the national ownership cap, the decision to reinstate a concededly unsupportable policy

---

[2] *See, e.g.*, UHF Reconsideration Order at 5, ¶10 (Statement of Commissioner O'Rielly); UHF Discount Repeal Order, 31 FCCRcd at 10251 (Commissioner O'Reilly, dissenting).

provision because a future membership of the FCC may decide to take action in a hypothetical future proceeding was arbitrary and capricious.

In these respects and others, the UHF Reconsideration Order is arbitrary and capricious, an abuse of agency discretion and otherwise contrary to law. 5 U.S.C. §706(2)(A-C).

## RELIEF REQUESTED

Petitioners respectfully request this Court (1) vacate or reverse the UHF Reconsideration Order, (2) reinstate the UHF Discount Repeal Order and the actions taken therein, (3) direct the FCC to issue an order consistent with the Court's findings and applicable law, and/or (4) grant all such other relief as may be just and proper.

Respectfully submitted,

Andrew Jay Schwartzman
Angela J. Campbell
Drew T. Simshaw
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, NW
Room 312
Washington, DC 20001
202 662-9170
ajs339@law.georgetown.edu
*Counsel for Petitioners*

May 12, 2017

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
RECEIVED

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED MAY 12 2017
CLERK

In the
**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

FREE PRESS, *et al.*,
Petitioners,

v.

FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,
Respondents.

No. 17-1129

## CORPORATE DISCLOSURE STATEMENT

Pursuant to the United States Court of Appeals for the District of Columbia Rule 26.1 and Federal Rule of Appellate Procedure 26.1, Free Press, Office of Communication, Inc. of the United Church of Christ, Prometheus Radio Project, Media Mobilizing Project, Media Alliance, National Hispanic Media Coalition, and Common Cause respectfully state that each of them is a non-profit organization with no parent companies, subsidiaries or affiliates and that none of them have issued shares to the public.

Respectfully submitted,

Andrew Jay Schwartzman
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, NW
Room 312
Washington, DC 20001
(202) 662-9535
*Counsel for Petitioners*

May 12, 2017

# CERTIFICATE OF SERVICE

I, Andrew Jay Schwartzman, hereby certify that on May 12, 2017, I sent copies of the foregoing Petition for Review via first class mail to the following parties:

Brendan Carr
Acting General Counsel
Federal Communications Commission
445 12th Street, SW, Room 8-A741
Washington, DC 20554

The Honorable Jefferson Sessions
Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530